IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01750-MEH

VICTOR MORENO,

    Plaintiff,

v.

SPECIALIZED BICYCLE COMPONENTS, INC.,

    Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Plaintiff's "Motion to Issue Subpoenas for Remote Trial Testimony by Out-of-State Witnesses." ECF 163. Plaintiff requests that the Court permit him to subpoena certain out-of-state individuals to compel them to give remote video testimony at trial from their respective residences. *Id.* at 6. Although Defendant has not filed a response to the motion, the Court heard oral argument on the motion at the April 20, 2022 hearing. ECF 172. There, the Court took the motion under advisement. For the following reasons, the motion is denied.

    Rule 45 of the Federal Rules of Civil Procedure generally governs the issuance of subpoenas. For a trial subpoena, the Rule provides that a person can be commanded to attend a trial either "(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1). While Rule 45 provides the ability to command appearance at trial, Rule 43 generally concerns the manner in

which witnesses testify at trial. The Rule begins with the mandate that "[a]t trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise." Fed. R. Civ. P. 43(a). However, "[t]he Rule allows for testimony by contemporaneous transmission from a different location if the testimony is presented in open court and based on a finding of good cause, in compelling circumstances, and with appropriate safeguards." *Black Card LLC v. Visa USA Inc.*, No. 15-CV-27-SWS, 2020 WL 9812009, at *2 (D. Wy. Dec. 2, 2020) (citing Fed. R. Civ. P. 43(a)).

Here, Plaintiff asks the Court to apply Rules 45 and 43 in conjunction to compel witnesses who live more than 100 miles from this Court (i.e., more than 100 miles from the location of the trial) to testify by contemporaneous transmission. The Tenth Circuit has not "taken a position on whether Rule 43(a) may be used to circumvent Rule 45." *Id.* Some courts "have read Rule 43 and Rule 45 together to allow the court to serve a subpoena on a witness located anywhere in the United States and order the person to testify via remote transmission." *Id.* (citing cases). Other courts "have declined to adopt that interpretation." *Id.* (citing cases). In this instance, the Court finds the Judicial Conference Advisory Committee notes to be highly persuasive on this issue:

> Ordinarily depositions, including video depositions, provide a superior means of securing the testimony of *a witness who is beyond the reach of a trial subpoena*, or of resolving difficulties in scheduling a trial that can be attended by all witnesses. Deposition procedures ensure the opportunity of all parties to be represented while the witness is testifying. An unforeseen need for the testimony of a remote witness that arises during trial, however, may establish good cause and compelling circumstances. Justification is particularly likely if the need arises from the interjection of new issues during trial or from the unexpected inability to present testimony as planned from a different witness.

Fed. R. Civ. P. 43 (advisory committee notes to the 1996 amendment) (emphasis added).

Put differently, "[t]here is nothing in the language of Rule 43(a) that permits this court to compel the testimony of an individual who is indisputably outside the reach of its subpoena

2

power." *Lea v. Wyeth LLC*, No. 1:03-CV-1339, 2011 WL 13195950, at *1 (E.D. Tex. Nov. 22, 2011). The witnesses in this case unquestionably are beyond the 100 miles limit of the Court's subpoena power. Thus, "video depositions are the best method for [Plaintiff] to secure the testimony of the [witnesses]." *Black Card LLC*, 2020 WL 9812009, at *4. "Alternatively, and even if the court were willing to ignore Rule 45's limits on its subpoena power, plaintiffs haven't shown good cause to allow testimony from a remote location instead of live in the courtroom." *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, No. 17-MD-2785-DDC-TJJ, 2021 WL 2822535, at *4 (D. Kan. July 7, 2021).

Accordingly, the Court will not issue subpoenas to compel the remote testimony Plaintiff requests. Plaintiff's motion [filed April 18, 2022; ECF 163] is **denied**.

Dated and entered at Denver, Colorado, this 25th day of April, 2022.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

3